IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL ALLEN TRUMP, SR,
    Plaintiff,

v.

PRIME CARE MEDICAL STAFF, *et al.*,
    Defendants.

CIVIL ACTION NO. 20-CV-0312

FILED
MAR -5 2020
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SÁNCHEZ, C.J.                                                         MARCH 5TH, 2020

Plaintiff Michael Allen Trump, Sr., proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, against numerous defendants including: (1) Prime Care Medical Staff (Psychiatric Department Staff); (2) Montgomery County Prison; (3) MCCF Security Officers (Captains, Sergents [sic], and Staff); (4) Prime Care Medical (Doctors and Nurses); and (5) "Montgomery County Corrections Prison and on Duty Officers including and not only Warden, Lt. Zerk, Lt. Flamer, and Sgnt. Martinez." (ECF No. 3 at 1-3.)[1] Each Defendant is sued in their individual and official capacities. For the following reasons, the Court will dismiss Trump's Complaint, and grant him leave to file an amended complaint.

### I. FACTUAL ALLEGATIONS

According to the Complaint, Trump is currently incarcerated at the Berks County Jail System. He alleges, however, that the facts giving rise to his claims occurred at the Montgomery County Prison from December 2018 through February 2019. (ECF No. 3 at 4-5, 8.) Trump avers that upon intake, he told security officers he was suicidal. (*Id.* at 7.) Trump was taken to the psychiatric wing, placed on suicide watch, and was "going insane" because he was not

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

allowed to call his family or write them. (*Id.* at 5, 7.) Trump avers that while he was in the psychiatric wing, he was assaulted by his cell mate, and subsequently taken to the "RHU" by Lt. Zerk. (*Id.*) Trump avers that because he was "unstable" and "suicidal," he should not have been moved. (*Id.* at 7.) Trump adds that while he was on "J2," he was assaulted by another inmate, named BoBo. (*Id.*) Trump was then moved to "K6," where he attempted to hang himself,[2] but was found by Lt. Zerk. (*Id.* at 5, 7.) Security cut him down but did not check him for injuries. (*Id.* at 7.) Trump was taken to medical where he was put in a max secure cell, placed under suicide watch, and "not allowed to have contact with family or lawyers." (*Id.* at 5, 7.) Trump further avers he was placed "in a cell naked for the next 2 days . . . and never checked . . . for injuries." (Id.)

After spending approximately forty-seven days in the medical unit, Trump was taken to "H2 where [he] was assaulted by same inmate [an Indian guy]" as before and another male inmate named Dana. (*Id.* at 5, 8.) He was taken to medical with two black eyes and a broken nose. (*Id.* at 8.) Following a stay in medical, he was again "moved back to H2 and placed in the cell that [he] was assaulted in with the same Indian guy." (*Id.* at 8.) Trump requested to be moved and was told by Lt. Flamer he would be moved to the RHU. (*Id.*) Trump avers he complained about the incidents but was "threatened not to file anymore paper work." (*Id.*) Trump does not identify who allegedly threatened him, and it is not apparent from the Complaint as to when and if Trump was moved from H2.

Trump asserts violations of the Fourth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, seeking relief for personal injuries sustained while incarcerated at

---

[2] Trump avers that a "guard gave [him] a blanket against security rules" and he ripped the blanket and tried to hang himself. (ECF No. 3 at 7.)

2

Montgomery County Prison. (*Id.* at 5.) Specifically, Trump avers he sustained the following injuries: neck and back pain, numbness, two black eyes, head trauma including headaches, broken nose, lost filling in a tooth, and mental anguish. (*Id.*) Trump asserts that although he has received some medication, he has not received gabapentin like he is supposed "to get per Department of Corrections doctors." (*Id.*) Trump wants "to make sure nobody else [is] deprived [of] phone calls [and letter] to family . . . and lawyers when in medical psych dept" and seeks damages in the amount of $250,000 from each person and department involved. (*Id.*)

## II.  STANDARD OF REVIEW

The Court granted Trump leave to proceed *in forma pauperis* because it appeared he was incapable of paying the fees to commence this civil action.[3] (ECF Nos. 5 and 6.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Trump is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8,

---

[3] However, as Trump is a prisoner, he was advised he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

The Court reads Trump's Complaint as bringing claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

4

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" for liability to attach under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

### A. Trump's Complaint Fails to State a Claim

At the outset, the Court notes Trump's Complaint does not attribute any conduct to any individual defendant. Rather, Trump describes the events in a generalized manner and notes his Complaint has been brought against "Prime Care Medical Staff" including doctors and nurses, "security officers" including captains and sergeants, and "on duty officers" including the warden, Lt. Zerk, Lt. Flamer, and Sgt. Martinez. Indeed, the only factual allegations which mention specific individual defendants are Trump's notations that he was found by Lt. Zerk following a suicide attempt and told by Lt. Flamer he would be moved to H2.

Even construing Trump's Complaint liberally, these pleading deficiencies make it challenging to screen the Complaint and would make it difficult for a defendant to meaningfully respond to the pleading. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). There are no specific actions (or inactions) attributable to any individual defendant. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences

5

giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Trump has made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations. Thus, the allegations are insufficient to put anyone on notice to prepare a defense, and the Complaint does not ensure the Court is sufficiently informed of the facts to determine the relevant legal issues.

Turning to his individual claims, even assuming Trump had made more specific allegations against Defendants, his Complaint still fails to state a claim on which relief may be granted.

### B. Claims Against Montgomery County Prison

Trump names "Montgomery County Prison" as a Defendant in this case. If he intended to bring a claim against the prison based on the events that occurred there, his claims fail because the prison facility "is not a legal entity susceptible to suit" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Thus, any claim against Montgomery County Prison would fail.

## C. Claims Against Prime Care Medical

Although unclear, Trump may have intended to bring claims against Prime Care itself (in addition to employees of Prime Care). To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment

---

[4] Trump has indicated in his Complaint he is both a "pretrial detainee" and a "paroled county detainee convicted." (ECF No. 3 at 4.) To the extent he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

7

Prime Care that would give rise to a claim against the entity. Accordingly, Trump has not stated a claim against Prime Care and the claims against it must be dismissed.

### D. Official Capacity Claims

Next, Trump's official capacity claims fail for the same reason. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, the official capacity claims against "Psychiatric Department Staff" and "Doctors and Nurses" must be treated as claims against Prime Care and the official capacity claims against "MCCF Security Officers (Captains, Sergents [sic], and Staff)" and "Duty Officers including and not only Warden, Lt. Zerk, Lt. Flamer, and Sgnt. Martinez" are essentially claims against Montgomery County.

As previously stated, Prime Care cannot be liable under a theory of respondeat superior or vicarious liability. *Sims*, 635 F. App'x at 20. As the Complaint does not contain any allegations suggesting any of the events giving rise to Trump's claims against the "Psychiatric Department Staff" and "Doctors and Nurses" stemmed from a policy or custom of Prime Care, the Court will dismiss Trump's claims against them in their official capacities. *Natale*, 318 F.3d at 583-84.

Similarly, a municipality or local government entity is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell*, 436 U.S. at 691. Rather, a municipality or a local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at

694. Again, because nothing in the Complaint suggests the claimed constitutional violations stemmed from a municipal policy or custom, the Court will also dismiss Trump's claims against "MCCF Security Officers (Captains, Sergents [sic], and Staff)" and "Duty Officers including and not only Warden, Lt. Zerk, Lt. Flamer, and Sgnt. Martinez" in their official capacities.

### E. Leave to Amend

While Trump has failed to state a plausible claim at this time, the Court is not prepared to find Trump cannot, if granted the opportunity, state a plausible claim for relief against the appropriate and relevant defendants. Accordingly, Trump will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Trump's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will allow Trump to file an amended complaint within thirty days in the event he can state a plausible claim against an appropriate defendant or defendants. If Trump fails to file an amended complaint, his case will be dismissed for failure to prosecute. An appropriate Order follows.

BY THE COURT:

*/s/ Juan R. Sánchez*
JUAN R. SÁNCHEZ, C.J.